UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DIANA MENDEZ,

                                Plaintiff,                             **COMPLAINT**

     -against-

                                                                     Docket No.: 23-3312

MOUNT SINAI HOSPITAL and ALEXIS OCAMPO,

                                Defendants.
------------------------------------------------------------------------X

      Plaintiff, DIANA MENDEZ, by and through her attorneys, RICOTTA & MARKS, P.C., complaining of Defendants herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.*, the New York State Human Rights Law, the New York City Human Rights Law and any other cause of action which can be inferred from the facts set forth herein to redress acts of unlawful sexual harassment and retaliation which occurred during the course of Plaintiff's employment with Defendants.

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant jurisdiction and the aforementioned statutory and constitutional provisions.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

4. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the State Division of Human Rights (which issued a Probable

1

Cause Determination) and cross filed with the Equal Employment Opportunity Commission ("EEOC"). A right to sue letter was received from the EEOC on January 28, 2023. This action was properly instituted within ninety (90) days of the issuance of said letter.

## PARTIES

5. At all times hereinafter mentioned, Plaintiff Diana Mendez ("Mendez") was and still is a resident of the County of New York, State of New York.

6. Defendant, Mount Sinai Hospital (the "Hospital"), was and still is a corporation with its main offices at 1468 Madison Ave., New York, New York 10029.

7. Defendant, Alexis Ocampo ("Ocampo"), was, at all relevant times, a Supervisor II for the Hospital. Ocampo is employed by the Hospital. Ocampo aided, abetted, compelled and/or incited the unlawful treatment set forth below.

## FACTS

8. Diana Mendez ("Mendez") is a female.

9. Mendez began her employment with the Hospital on or about October 17, 2016 as an Administrative Assistant.

10. Throughout the course of her employment with the Hospital, Mendez was qualified for her position and performed her job in a satisfactory manner, as evidenced by her subsequent promotion to Administrative Coordinator.

11. During the course of her employment, Mendez has been subjected to sexual harassment at the hands of a supervisor, Alexis Ocampo ("Ocampo"), male, who held the role of Supervisor II.

12. More specifically, beginning in late 2019 and/or early 2020, Ocampo began regularly complimenting Mendez on her looks, appearance, body, and attire, and began soliciting her to go out on a date with him. Ocampo would comment how pretty Mendez was, how her clothes wrapped around every curve of hers and that it "drives him crazy," and he would stare her up and down in a leering, sexual manner.

13. Mendez consistently declined these advances and discouraged the discussion of her appearance, attempting to professionally express that she was not interested because she does not date people at her job, keeping those two lives separate.

14. Ocampo would not relent and, through 2020, continued to make unwelcome comments and solicit a date with Mendez, even going to coworkers to try and get Mendez's personal phone number.

15. Ocampo would also come into Mendez's office frequently, without an invite or business-related reason, and would continue his barrage of comments about Mendez's body and appearance, as well as his soliciting a non-work related relationship

16. Ultimately, despite repeated denials, Ocampo's conduct escalated.

17. In or around March or April 2020, prior to Mendez being reassigned to work from home due to Covid, Ocampo came into Mendez's office, and began complimenting her while telling her that he would "make her feel so good if she let him take her out," and that she

3

had "never experienced a man like him before." Mendez tried to ignore this and just stared at her computer hoping Ocampo would simply leave.

18. While Ocampo did leave, he returned to her office shortly thereafter, locked the door, and then grabbed a chair and pulled it up next to Mendez. While doing this, he complimented her on how curvy and voluptuous she was, and told her he could not believe how a beautiful woman like Mendez wasn't in a relationship with someone.

19. Ocampo then proceeded to put his hand on Mendez's inner thigh and run it up her leg until he touched her genitals. Mendez was stricken with fear and horrified and froze up, not knowing what to do, ultimately, turning her head away and stating "if you don't get out, I will scream," at which point Ocampo ran out of the room.

20. Approximately two weeks after this incident, Mendez reported to her manager, Daisy Castro, that another employee had done something bad to her, but was not ready to go into detail, but expressed that someone had done something bad to her and that Castro should know in case something else happens to her or she gets fired. Mendez was very emotional when she reported this, but Castro did not inquire further or direct her to report anything to Human Resources.

21. Mendez was scared, embarrassed, and did not know what else to do in response to this sexual assault. Ultimately, she tried to work through it and not raise concerns to the Hospital out of fear of reprisal, but on January 15, 2021, after receiving an email from Ocampo inquiring, with no legitimate business reason, where Mendez was located, that triggered memories and fear, she reported to Castro that she had been sexually assaulted,

that the individual is emailing her an it is bothering her, and Castro told her to report it to Dr. Jacobs.

22. She reported it to Dr. Jacobs, the doctor to whom she was assigned, who saw the emails and confirmed it was inappropriate for Ocampo to inquire where Mendez was located. Mendez reported the full details of the incident that had occurred to Dr. Jacobs, at that time, who said he would have to, and she should, report this to Human Resources.  Thereafter, Dr. Jacobs reported the incident to Human Resources, specifically, Stella Cherepashensky from Human Resources.

23. After communicating with to Human Resources regarding this incident, Mendez began to experience overscrutinization and micromanagement from Castro, in a manner that did not occur prior to the incident having been reported to Human Resources.

24. In or around February 2021, Mendez was required to move out of her office to another location that was a longer commute and more inconvenient and costly for her to travel to, and also negatively impacted her childcare.

25. Mendez objected to this move, which was a punishment to her (and not to her harasser) because of her being the victim of a sexual assault.  For the next few months, Mendez continued to be overscrutinized and constantly questioned about whether she wants to continue working there and in her office.

26. Dr. Jacobs also began ignoring emails from Mendez and not responding to her emails.

27. On July 27, 2021, Mendez was terminated from her employment, under the guise that there were issues with her log ins.  She was advised that they were tracking her log ins to a computer system (the tracking which, in and of itself, was retaliatory and not something

previously done), and asked her for proof of a random day months prior where she had performed work she represented she had done. As Mendez routinely shredded patient documentation after performing work (per HIPAA), she did not have documented proof of the work she performed on the particular day, and was fired.

28. This termination was clearly a pretext for retaliation, as Mendez was fired shortly after reporting a sexual assault, and despite her never having any performance issues, and rather having received a recent promotion (in November 2020), prior to her sexual assault.

29. As a result of the foregoing, Mendez has suffered financial damages, future damages, as well as severe physical and emotional distress damages, as well as fear of future harassment and/or reprisal.

## **CLAIMS FOR RELIEF**

## **AS A FIRST CAUSE OF ACTION**
## **FOR DISCRIMINATION UNDER FEDERAL LAW**

30. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

31. Plaintiff has been subjected to a hostile work environment, and/or adverse employment actions, as well as an atmosphere of adverse employment actions based on her gender and/or in retaliation for her opposition to discriminatory practices.

32. Defendant Mount Sinai Hospital's actions are in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq*., in that Plaintiff was subjected to sexual harassment and retaliation due to reporting such conduct.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

33. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

34. New York State Human Rights Law provides that:

   a. It shall be an unlawful discriminatory practice: (1) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

35. As described above, Defendants' actions are in violation of the New York State Human Rights Law, in that Plaintiff was subjected to sexual harassment and retaliation due to reporting such conduct.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

36. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

37. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

38. As detailed above, the Defendants retaliated against Plaintiff in violation of the New York State Executive Law § 296, in that Plaintiff was subjected to sexual harassment and retaliation due to reporting such conduct.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

39. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

40. The individual Defendant, aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law, Human Rights Law § 296(6).

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

41. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

The Administrative Code of City of NY § 8-107 [1] provides that

    a. It shall be an unlawful discriminatory practice: (1) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

42. As described above, Defendants have taken adverse employment actions against Plaintiff, including, but not limited to, permitting sexual harassment to continue based upon gender in violation of New York City Administrative Code Title 8.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

43. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

44. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer to discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

45. As detailed above, the Defendants; actions have violated New York City Administrative Code Title 8, in that Plaintiff was subjected to sexual harassment and retaliation due to reporting such conduct.

### AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

46. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

47. The individual Defendant, aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of the New York City Administrative Code § 8-107.

48. By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with her employment, in addition to suffering physical, emotional and other damages.

WHEREFORE, Plaintiff demands judgment against Defendants for all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Long Island City, New York
      April 20, 2023

    RICOTTA & MARKS, P.C.
    *Attorneys for Plaintiff*
    2174 Jackson Avenue
    Seaford, New York 11783
    (347) 464-8694

    _____/s_____
        Thomas Ricotta